UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:15-cr-00028-JAD-PAL |
|---|---|
| Plaintiff | **Order Granting Government's Motion in Limine to Exclude Evidence** |
| v. | **[ECF 22]** |
| BRYAN JAMES GALLAGHER, | |
| Defendant | |

Bryan Gallagher stands charged with being a felon in possession of a firearm.[1] The government moves to exclude evidence of (1) the reduction of Gallagher's state-court felony conviction to a gross misdemeanor and (2) Gallagher's purported belief that he was not a prohibited person at the time he possessed the rifle that serves as the basis for his charge.[2] Because the reduction of Gallagher's conviction—which occurred *after* the firearm possession charged in the indictment—and his ignorance of his prohibited status are not relevant to any claim or defense, I grant the government's motion.[3]

**Background**

On December 13, 2010, Gallagher pleaded guilty in state court to felony battery-strangulation.[4] Under the parties' written plea agreement, if Gallagher successfully completed probation and were given an honorable discharge, he would be allowed to withdraw his plea and enter a new plea to conspiracy to commit battery-strangulation—a gross misdemeanor.[5] Almost two

---

[1] ECF 1.

[2] ECF 22.

[3] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

[4] ECF 24-1.

[5] *Id.* at 2.

years later, in December 2012, Gallagher was honorably discharged from probation.[6]  He did not, however, take the important step of moving to withdraw his felony guilty plea.

In November 2014, Gallagher was arrested and again charged in state court with battery-strangulation.[7]  During the domestic disturbance call that led to that arrest, police found a rifle attributed to the defendant; a search of Gallagher's truck pursuant to a warrant uncovered a pistol.  Gallagher then moved to reduce his felony conviction under the terms of his earlier plea agreement.  The state court granted his request on December 15, 2014, and Gallagher pleaded guilty to a gross misdemeanor.  Federal authorities picked up the gun charges and on January 27, 2015, Gallagher was indicted on two counts of being a felon in possession of a firearm for his November 2014 possession of the rifle and pistol.[8]  Shortly thereafter, the state of Nevada dismissed its case against Gallagher.  The government anticipates that Gallagher will attempt to reference at trial both the reduction of his state-felony conviction and his purported belief that he was not a person prohibited by law from possessing firearms at the time of his November 2014 arrest.

## Discussion

The Federal Rules of Evidence do not explicitly authorize motions in limine but, under the district court's trial-management authority, judges can rule on pre-trial evidentiary motions.[9]  Limine rulings are provisional; they are "not binding on the trial judge [who] may always change his mind during the course of a trial."[10]  Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  29 USC § 922(g)(1) makes it unlawful for any person who has been convicted of a felony to knowingly possess a firearm.  To sustain a conviction under §922(g)(1), the government must prove three elements: (1) the defendant was a

---

[6] ECF 23-1 at 10–11.

[7] ECF 24-3.

[8] ECF 1.

[9] *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

[10] *Ohler v. United States*, 529 U.S. 753, 758, n. 3 (2000).

Case 2:15-cr-00028-JAD-PAL   Document 26   Filed 10/05/15   Page 3 of 5

convicted felon, (2) the defendant was in knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce.[11]  Knowledge of prohibited status is not an element of the offense—a person charged with being a felon in possession of a firearm is not required to know that he is a prohibited person in order to be convicted of this offense.[12]  And the government need only prove that the defendant was a convicted felon at the time the defendant is alleged to have possessed the firearm; a decision later overturning or otherwise invalidating the defendant's underlying conviction will not absolve him of liability.[13]

The government argues that the December 2014 reduction of Gallagher's felony conviction is irrelevant because the state court did not withdraw his felony guilty plea until after the date of the conduct alleged in the indictment.[14]  The government also argues that any evidence that Gallagher was mistaken about his felon status is irrelevant because Gallagher's knowledge of his felon status is not an element of the offense.[15]  Gallagher responds generally that he has a constitutional right to present a complete defense.[16]  Gallagher argues that the reduction of his conviction and his belief that he was no longer a felon are relevant to his entrapment-by-estoppel defense.[17]

Entrapment by estoppel occurs when an authorized government official tells a defendant that certain conduct is legal and the defendant reasonably believes and relies on that information.[18]  But

---

[11] *United States v. Beasley*, 346 F.3d 930, 933–34 (9th Cir. 2003).

[12] *Cf. United States v. Miller*, 105 F.d 552, 555 (9th Cir. 1997) (holding that "[t]he Government did not need to prove that [a defendant] knew the firearm [or ammunition] had traveled in interstate commerce" to obtain a conviction under 922(g)(1)) (overruled in part on other grounds by *Caron v. United States*, 524 U.S. 308 (1998)).

[13] *See United States v. Padilla*, 387 F.3d 1087, 1092 (9th Cir. 2004).

[14] ECF 22 at 3.

[15] *Id.* at 6.

[16] ECF 23 at 4.

[17] *Id.* at 6.

[18] *United States v. Rodman*, 776 F.3d 638, 643 (9th Cir. 2015).

Page 3 of 5

Gallagher has not alleged that any government official "affirmatively misled" him.[19] Instead, Gallagher claims that he was never informed that his felony reduction would not occur automatically and that he was never informed that he could not own or possess a firearm even after he successfully completed probation.[20]

In *United States v. Brebner*,[21] the Ninth Circuit upheld a district court's denial of defendant Brebner's entrapment-by-estoppel defense because there was "no evidence of any type of affirmative misleading"; there was no evidence in the record that a federal official "expressly told Brebner that it was lawful for him to purchase the firearms."[22] Like Brebner, Gallagher does not allege, and the record does not reveal, that a government official ever expressly told Gallagher that his conviction would automatically be reduced upon completion of probation and that he could then lawfully possess firearms. In fact, Gallagher's plea agreement supports the opposite conclusion. "If Defendant successfully completes probation and is given an honorable discharge, then Defendant **can** withdraw his plea and enter a plea to (Gross Misdemeanor)."[23] The plain language of the plea agreement expressly makes clear that Gallagher's conviction would not be reduced automatically.

Because Gallagher's conviction was not reduced until after the conduct alleged in the indictment, the reduction is irrelevant to his felon-in-possession charges. On the date the rifle and pistol were found in his home and truck, Gallagher was a convicted felon and a prohibited person for § 922(g)(1) purposes. Additionally, as his knowledge of his felon status is not an element of the offense, it is irrelevant and would merely confuse the issues for the jury. Finally, because Gallagher cannot raise a valid estoppel-by-entrapment defense, this evidence is also inadmissible for that purpose. Accordingly, I grant the government's motion to exclude this evidence because it is not

---

[19] *United States v. Talmadge*, 829 F.2d 767, 776 (9th Cir. 1987) (holding that estoppel applies where the official's statements affirmatively mislead the defendant).

[20] ECF 23 at 6.

[21] *United States v. Brebner*, 951 F.2d 1017 (9th Cir. 1991).

[22] *Brebner*, 951 F.2d at 1026.

[23] ECF 24-1 at 2 (emphasis added).

relevant for any permissible purpose.

## Conclusion

IT IS HEREBY ORDERED that the government's Motion in Limine to Exclude Evidence **[ECF 22]** is **GRANTED.**

At trial, Gallagher will not be permitted to introduce evidence that his felony conviction was ultimately reduced and that he was ignorant of his prohibited status.

Dated this 5 day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge